CLARENCE P. BROWNING v. HUGH DEENY AND ELLEN DEENY.

Decided February 24, 1927.

**Landlord and Tenant—Rent—Claim For Unpaid Rent, For Unpaid Taxes and For Timber Appropriated by Tenant—Counterclaim For Manure, Silo and Other Articles Taken by Landlord—Verdict For Defendant on Counter-Claim—Held, That So Far as Defendant Mrs. Deeny is Concerned, Verdict is Entirely Unsupported, and as far as Mr. Deeny was Concerned, Not Justified by Evidence.**

On plaintiffs' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Arthur F. Egner* and *Fred W. Nixon.*

*Contra, James C. Connelly.*

PER CURIAM.

The plaintiff, owner of a farm near Berkeley Heights, in Union county, rented it to the defendants, Hugh Deeny and Ellen, his wife, for a yearly rental which at the time the leasehold interest came to an end was $500 per annum. Three hundred and eighty dollars of this amount, it is admitted by the defendants, remained unpaid. The present action was brought to recover the unpaid rent, certain taxes assessed upon the property, which the plaintiff claimed the defendants agreed to pay as additional rent, and also damages resulting from unwarranted waste of the buildings and for the destruction of timber growing upon the farm. The defendants by their answer denied any liability to pay taxes; and they asserted that they kept the premises in as good condition as they were at the time they entered thereon, under their lease, and also asserted that the cutting of the

timber was done with the permission of the plaintiff. The defendant Hugh Deeny also filed a counter-claim against the plaintiff, charging the latter with appropriating to his own use a large quantity of manure, worth $300; a silo, worth $785, and certain fixtures in the barn, valued at $300, all owned by the defendant. In due course the case came on to be tried, and the trial resulted in a verdict in favor of both of the defendants, the jury awarding them jointly the sum of $622.30.

So far as the award to Mrs. Deeny is concerned, it is absolutely unsupported by any testimony in the case. As has already been stated, it is admitted that the two defendants owe the plaintiff $380 for unpaid rent. This is a debt for which they are jointly liable. Mrs. Deeny made no counter-claim against the plaintiff, and, in this situation, the latter was entitled to a verdict against her for at least the amount of the unpaid rent.

So far as the verdict in favor of the defendant Hugh Deeny is concerned, we think it cannot be justified, even if every disputed fact be resolved in his favor. Apparently, the jury arbitrarily disregarded some portions of his claim and found in his favor with relation to other items thereof. This fact, we think, is demonstrated by a reading of the testimony. An arbitrary verdict, not based upon the evidence submitted, cannot stand.

The rule to show cause will be made absolute as to both defendants.